UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO HUERTA RODRIGUEZ

        Petitioner,

vs.

Case No. 08-CV-13263
HON. GEORGE CARAM STEEH

GREGORY MCQUIDGEN,
Warden, Straits Correctional Facility,

        Respondent.

_____/

### ORDER ACCEPTING AUGUST 6, 2009 REPORT AND RECOMMENDATION (#12), DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

      This matter is before the court on Mario Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in state court on May 14, 1999 of felonious assault, assault with intent to commit murder, carrying a firearm with unlawful intent, and possession of a firearm during the commission of a felony, and was sentenced to 25 to 50 years imprisonment on June 14, 1999. Petitioner's convictions and sentence were affirmed by the Michigan Court of Appeals on February 23, 2003. The Michigan Supreme Court denied petitioner's application for leave to appeal on July 28, 2003. The trial court denied petitioner's April 9, 2004 motion for relief from judgment on February 25, 2005. Petitioner's application for leave to appeal was denied by the Michigan Court of Appeals on October 20, 2005. The Michigan Supreme Court denied leave to appeal on May 31, 2006. Petitioner filed a second motion for post-conviction relief in the trial court on August 18, 2006 raising a sentencing challenge under Blakely v. Washington,

530 U.S. 296 (2004). The motion was denied on the merits on August 30, 2006. On October 15, 2007, the Michigan Court of Appeals dismissed petitioner's appeal for lack of jurisdiction, finding petitioner's August 18, 2006 post-conviction motion in the trial court was a second motion prohibited by Michigan Court Rule 6.502(G). The Michigan Supreme Court denied leave to appeal on the same basis on April 28, 2008.

Petitioner filed the instant petition for habeas relief on July 29, 2008, raising claims of ineffective assistance of counsel, denial of a right to present a defense, and prosecutorial misconduct. Respondent filed a motion for summary judgment on February 23, 2009 to dismiss the petition as untimely based on the expiration of the one-year statute of limitations of 28 U.S.C. § 2244(d). On referral from this court, Magistrate Judge Paul Komives issued an August 6, 2009 Report and Recommendation recommending that respondent's motion to dismiss be granted because: (1) absent any tolling, the one year statute of limitations began to run on October 27, 2003, 90 days after leave to appeal the conviction and sentence was first denied by the Michigan Supreme Court on July 28, 2003, and the time period for filing a writ of certiorari with the United States Supreme Court expired; (2) 164 days elapsed from October 27, 2003 until petitioner filed his initial motion for post-appeal relief in state court on April 9, 2004; (3) pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled from April 9, 2004 until May 31, 2006 when the Michigan Supreme Court first denied leave to appeal; and (4) petitioner's filing of his second August 18, 2006 post-conviction motion did not further toll the running of the statute of limitations under § 2244(d)(2) because the motion was not "properly filed" by operation of Michigan Court Rule 6.502, causing the statute of limitations to expire 201 days later (365 days - 164 lapsed days) on March 9, 2007. Quoting Artuz v. Bennett, 531 U.S. 4, 11 (2000),

Magistrate Judge Komives reasons that a post-conviction motion that is denied under a state rule which sets forth conditions for *filing* a motion, as opposed to a state rule which sets forth conditions for obtaining relief, does not toll the statute of limitations under § 2244(d)(2) as a "properly filed" motion.  Magistrate Judge Komives construes Michigan Court Rule 6.502(G) as prohibiting the *filing* of a successive post-conviction motion, while Michigan Court Rule 6.508(D)(3) sets forth the procedural conditions for obtaining post-conviction relief.  On finding Michigan Court Rule 6.502(G) simply prohibits the filing of a second motion for post-conviction relief, and "go[es] to the very initiation" of a second motion, Magistrate Judge Komives concludes that "it must be the case that a [motion] that cannot even be initiated or considered . . . is not 'properly filed.'" R&R at 8, quoting Pace v. Diguglielmo, 544 U.S. 408, 417 (2005).

With respect to the exceptions to filing a second post-conviction motion set forth in Michigan Court Rule 6.508(G)(2) – allowing a second petition "based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion" – Magistrate Judge Komives finds these exceptions irrelevant to the issue of timeliness because the Michigan Court of Appeals found these conditions unsatisfied in denying leave to appeal.  R&R, at 9 citing Pace, 544 U.S. at 413.   Magistrate Judge Komives also notes that Blakely does not represent a "retroactive change in law" as envisioned under Michigan Court Rule 6.508(G)(2) because "[i]t is soundly established that Blakely and Booker do not apply retroactively to cases on collateral review." R&R, at 9, quoting Hicks v. United States, 258 Fed. Appx. 850, 854 (6th Cir. 2007).   Magistrate Judge Komives further observes that Blakely issued on June 24, 2004, prior to the trial court's denial of petitioner's first post-

3

conviction motion on February 25, 2005.

Magistrate Judge Komives rejects petitioner's claims for equitable tolling on the premises that petitioner acted diligently and is actually innocent. Magistrate Judge Komives finds that petitioner has failed to demonstrate extraordinary circumstances that prevented him from filing a timely habeas petition. Lawrence v. Florida, 549 U.S. 327, 336 (2007). Magistrate Komives continues that, to the extent petitioner could have reasonably relied upon his second post-conviction motion tolling the statute of limitations, any such reliance would have ended when the Michigan Court of Appeals dismissed petitioner's appeal for lack of jurisdiction on October 15, 2007, given Michigan Court Rule 6.502(G)'s express provision that an appeal to the Michigan Supreme Court was unavailable. Tolling the statute of limitations from the August 18, 2006 filing of the second post-judgment motion to the dismissal of the appeal for lack of jurisdiction on October 15, 2007 would have tolled the limitations period only to March 6, 2008, well before the instant petition was filed on July 29, 2008. Magistrate Judge Komives finds that a report prepared by firearms examiner David Balash does not constitute new, reliable evidence which shows "it is more likely than not that no reasonable juror would have found [petitioner] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 299 (1995). Magistrate Komives notes further that, even if the report established that petitioner did not fire a rifle at Michigan State Troopers, petitioner could still be found guilty of assault with intent to murder on the unchallenged testimony that he pointed a loaded rifle at the Troopers.

Petitioner objects arguing that the Supreme Court's decision in Pace held that a post-conviction motion is not "properly filed" for purposes of § 2244(d)(2) only if it is untimely filed under state law, and his second motion was timely filed. Petitioner objects

4

that he and his family exercised diligence in pursuing motions and appeals in state court, but it was his attorneys who failed to pursue timely and proper avenues of relief. Petitioner continues that he reasonably relied on his second post-conviction motion tolling the statute of limitations, and considering that the trial court issued a May 24, 2007 Order of Reissuance of its August 30, 2006 Order denying his second post-conviction motion, there were an additional 267 days when the statute of limitations was tolled. Petitioner also objects that Balash's report supports petitioner's position that he did not actually intend to kill the Troopers.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

State time limits for filing post-conviction motions are "conditions to filing," and therefore untimely motions are not "properly filed " for purposes of § 2244(d)(2). Pace, 544 U.S. at 413 (citing Artuz, 531 U.S. at 8, 11). A post-conviction motion that is "filed after a time limit, and does not fit within any exceptions to that limit, is no more 'properly filed'" than a post-conviction motion filed "after a time limit that permits no exception." Pace, 544 U.S. at 413. While Pace and Artuz addressed the issues of whether state time limits and their exceptions are "conditions to filing," these cases did not hold that time limits are the only "conditions to filing" affecting whether a post-conviction motion was "properly filed." Michigan Court Rule 6.502(G)(1) clearly precludes the *filing* of a second motion for relief from judgment unless the second motion fits an exception that it is "based on a retroactive

5

change in the law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." Giving proper "common usage" to the phrase "properly filed" as used in § 2244(d)(2), Pace, 544 U.S. at 413 (quoting Artuz, 531 U.S. at 8, 9), and the Michigan Court of Appeals' dismissal of petitioner's successive post-conviction motion for lack of jurisdiction because the motion did not fit within an exception of Rule 6.502(G)(2), petitioner's second post-conviction motion did not meet the Rule 6.502(G) conditions for filing, and therefore the motion was not "properly filed" for purposes of § 2244(d)(2). Because petitioner's second unauthorized post-conviction motion was not "properly filed" under Michigan law, it was not "properly filed" for purposes of § 2244(d)(2). See Powell v. Davis, 415 F.3d 722, 726-727 (7th Cir. 2005) (holding that unauthorized second filing of post-conviction motion under Indiana law was not "properly filed" for purposes of § 2244(d)(2)); Smith v. Berghuis, No. 07-14140, 2008 WL 2357696 (E.D. Mich. June 9, 2009) (holding that unauthorized successive motion for relief from judgment filed in Michigan trial court was not "properly filed" by operation of Mich. Ct. R. 6.502(G)).

Petitioner's objection that he and his family exercised due diligence fails to articulate "extraordinary circumstances" that prevented him from filing a timely habeas petition. Lawrence, 549 U.S. at 336. Petitioner's objection that he gained an additional 267 days when the trial court reissued its August 30, 2006 Order on May 24, 2007 is without merit because petitioner's second post-conviction motion filed on August 18, 2006 was not properly filed. Petitioner also fails to explain how the reissuance of the August 30, 2006 otherwise tolled the statute of limitations by 267 days. The court is not persuaded that petitioner could "reasonably rely" on filing his unauthorized second post-conviction petition

in light of Michigan Court Rule 6.502(G)(1).  Balash's Report falls well short of demonstrating that no reasonable juror would have found petitioner guilty beyond a reasonable doubt had the Report been available to jurors.  <u>Schlup</u>, 513 U.S. at 299.  At best, the report raises conflicting evidence of whether petitioner fired the rifle he was pointing at State Troopers, a finding that was unnecessary to support petitioner's convictions.  <u>See</u> <u>Warren v. Smith</u>, 161 F.3d 358, 360-61 (6th Cir. 1998) (recognizing that, in Michigan, intent to murder may be proven using circumstantial evidence).

Petitioner's objections are not well taken.  Accordingly,

IT IS ORDERED that Magistrate Judge Komives' August 6, 2009 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Mario Rodriguez's petition for a writ of habeas corpus is hereby DISMISSED as time barred.

Certificate of Appealability

Before petitioner can appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a certificate of appealability is hereby DENIED.

SO ORDERED.

Dated:  August 25, 2009

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on August 25, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk