UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO HUERTA-RODRIGUEZ,

       Petitioner,

                                CASE NO. 2:08-cv-13263
v.                             JUDGE GEORGE CARAM STEEH
                                MAGISTRATE JUDGE PAUL KOMIVES

GREGORY McQUIDGIN,

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR STAY**
**(docket #19)**

I.    RECOMMENDATION: The Court should deny petitioner's motion for stay.

II.    REPORT:

A.    *Procedural Background*

Petitioner Mario Huerta-Rodriguez is a state prisoner, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. On July 29, 2008, petitioner filed, through counsel, an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 state court convictions for assault and various firearms offenses. On August 6, 2009, I filed a Report recommending that the Court dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). The Court adopted my recommendation and entered judgment against petitioner on August 25, 2009. The Court's judgment also denied petitioner a certificate of appealability. Petitioner, proceeding *pro se*, filed a notice of appeal on September 10, 2009. The Sixth Circuit denied petitioner a certificate of appealability on August 3, 2010.

Petitioner apparently sought a stay of proceedings in the United States Supreme Court pursuant to Supreme Court Rule 23.3. On May 27, 2011, the Clerk returned the application to

petitioner, based on petitioner's failure to seek a stay in the lower courts, failure to identify the judgment with respect to which he was seeking review, and failure to state the grounds of the Supreme Court's jurisdiction. *See* Pet.'r's Mot., App. A. On July 14, 2011, petitioner filed this motion for a stay of proceedings pursuant to Rule 23.3. For the reasons that follow, the Court should deny the motion.

B.   *Analysis*

Petitioner has pointed to no authority which supports a stay in this case. Supreme Court Rule 23 grants a Supreme Court Justice the power to issue a stay, but provides that "an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof." SUP. CT. R. 23.3. The rule does not, however, provide any independent power to a district court judge to issue a stay. Rule 62 of the Federal Rules of Civil Procedure does provide that a district court "may stay the execution of a judgment–or any proceedings to enforce it–pending disposition of" a motion for judgment as a matter of law under Rule 50, a motion for new trial under Rule 59, or a motion for relief from judgment under Rule 60. FED. R. CIV. P. 62(b). Petitioner, however, has not filed any such motion. Further, in this case there is no "execution" of a judgment. The Court's judgment merely denied petitioner the relief he was seeking, namely, release or a new trial. The purpose of Rule 62 is to preserve the status quo between the parties pending appeal or a post-judgment motion. Here, however, the Court's judgment merely leaves the status quo in place, and requires no further execution, and a stay would serve no further purpose.

Although styled as a motion to stay, petitioner's motion actually challenges the Court's conclusion that his application is untimely, suggesting that what petitioner really seeks is

reconsideration of the Court's judgment. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Here, petitioner's motion for stay presents arguments regarding the limitations period that have already been considered and rejected by both this Court and the Sixth Circuit, and thus there is no basis for granting him relief from judgment under Rule 60(b). *See Tokh v. Water Tower Court Home Owners' Ass'n*, 327 Fed. Appx. 630, 631 (7th Cir. 2009); *Barrett v. Lombardi*, 239 F.3d 23, 28 (1st Cir. 2001) ("A motion for relief from judgment cannot be used merely to reargue a point already decided."); *All West Pet Supply Co. v. Hill's Pet Products Div., Colgate Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan .1994) ("A motion to reconsider . . . may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court."). Further, a motion for relief from judgment under Rule 60(b)(1)-(3), must be made within one year from the date of judgment, which has long since passed, and under Rule 60(b)(4)-(6) must be made within a "reasonable time." *See* FED. R. CIV. P. 60(c). Petitioner's motion, filed after the court of appeals had already rejected his arguments by denying a certificate of appealability, was

not filed within a reasonable time. *See Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 155 (1st Cir. 1980) (Rule 60(b) motion filed after judgment was affirmed on appeal was not filed within reasonable time).

C.      *Conclusion*

In short, because the Court's judgment affected no change in the parties' positions, there is nothing for the Court to stay. The Court's judgment merely preserves the status quo that existed at the time petitioner's application was filed, and a stay of the judgment would not alter the parties' positions during the pendency of any further appeals. To the extent that petitioner's motion actually seeks reconsideration of the Court's ruling, the motion is both untimely and without merit. Accordingly, the Court should deny petitioner's motion for a stay.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Paul J. Komives  
                                                  PAUL J. KOMIVES  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: 9/8/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 8, 2011.
>
>                           s/Eddrey Butts  
>                           Case Manager