UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO RODRIGUEZ,

           Movant,

CASE NO. 08-CV-13263
HONORABLE GEORGE CARAM STEEH

v.

GREG McQUIGGIN,

           Warden.

_____/

ORDER DENYING MOVANT'S MOTION FOR RELIEF FROM
JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(4) (DOC. #26)

On August 25, 2009, the court dismissed Mario Rodriguez's 28 U.S.C. § 2254 petition for writ of habeas corpus on the grounds that it was untimely under 28 U.S.C. 2244(d)(1), which imposes a one-year statute of limitations on habeas corpus petitions filed after April 24, 1996. (Doc. #14). The Sixth Circuit agreed with the dismissal and denied to issue a certificate of appealability. (Doc. #18). Subsequently, Rodriguez sought permission from the Sixth Circuit to file a second or successive habeas petition; the Sixth Circuit denied Rodriguez's request. (Doc. #25). Now before the court is Rodriguez's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). (Doc. #26). For the reasons that follow, Rodriguez's motion will be denied.

Rule 60(b) states, in pertinent part:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * * *

>    **(4)** the judgment is void[.]

Fed. R. Civ. P. 60(b)(4).

Relying on Rule 60(b)(4), Rodriguez argues that the judgment against him is void because the state court magistrate judge ordered him to stand mute and entered a not guilty plea on his behalf in the underlying criminal arraignment proceedings. Setting aside the fact that Rodriguez has not established how the state court lacked jurisdiction to enter judgment in the criminal proceedings, the court must deny his present motion as untimely.

A motion to vacate a judgment under Rule 60(b)(4) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Multiple factors are considered in determining what constitutes a "reasonable time." Essentially, courts undertake a fact-specific inquiry on a case-by-case basis. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 942 (6th Cir. 2013). Factors considered include "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Id.* at 942–43 (citation and internal quotation marks omitted). Applying these factors here, the court concludes that Rodriguez's motion was not brought within a reasonable time. First, the length of delay from the date the court dismissed Rodriguez's habeas petition — almost six years — is significant. Second, the circumstances of the delay are not explained. Rodriguez makes no effort to explain why he waited almost six years to file the instant motion under Rule 60(b)(4) claiming that the state court lacked jurisdiction to enter judgment in his case. There are no equitable circumstances that would compel the court to grant Rodriguez's motion.

For these reasons, Rodriquez's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) is DENIED as untimely. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated: July 20, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 20, 2015, by electronic and/or ordinary mail and also on Mario Huerta Rodriguez #288697, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788.

s/Barbara Radke
Deputy Clerk